## IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

ATLANTIC CREDIT & FINANCE, INC.     )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. 13LM04823
                                    )   Chapter 61
LEON LEE                            )
                                    )
            Defendant.              )

FILED
APP DOCKET NO._____
2013 MAY 24  P 12:39

### FIRST AMENDED PETITION

### COUNT I - ACCOUNT STATED

**COMES NOW,** Plaintiff and for Count I of its Petition against the Defendant, respectfully states as follows:

1. The Defendant signed and entered into a Loan Summary with Beneficial. The Loan Summary is attached hereto as "Exhibit A".

2. The Defendant signed and entered into a Loan Repayment Agreement with Beneficial. The Loan Repayment Agreement is attached hereto as "Exhibit B".

3. The Defendant signed and entered into the Arbitration Rider with Beneficial. The Arbitration Rider is attached hereto as "Exhibit C".

4. Plaintiff's is the holder of a valid assignment of the Defendant's Loan Summary, Loan Repayment Agreement and Arbitration Rider the Defendant entered into with Beneficial. See "Exhibit D", Affidavit of Sale of Individual; See "Exhibit E", Assignment and Bill of Sale.

5. The Defendant has failed to keep his promise to pay said balance, despite demand for same having been made, and the balance remains due and unpaid.

6. The Defendant has defaulted on the Loan Summary and Loan Repayment Agreement. The Loan Summary is attached hereto as "Exhibit A"; The Loan Repayment

RECEIVED
MAY 31 2013
BY:_____

Agreement is attached hereto as "Exhibit B".

7. The balance due from the Defendant to the Plaintiff is $7,579.08.

WHEREFORE, Plaintiff prays judgment against the Defendant(s) for the sum of $7,579.08, plus interest on any judgment rendered at the rate of 12% per annum, and costs.

## COUNT II - BREACH OF CONTRACT

**COMES NOW,** Plaintiff and for Count II of its Petition against the Defendant, respectfully states as follows:

8. Plaintiff restates and re-alleges each and every averment made in paragraph 1 through 7 of Count I of this Petition as if more fully set forth herein.

9. The Defendant signed and entered into a Loan Summary with Beneficial. The Loan Summary is attached hereto as "Exhibit A".

10. The Defendant signed and entered into a Loan Repayment Agreement with Beneficial. The Loan Repayment Agreement is attached hereto as "Exhibit B".

11. The Defendant signed and entered into the Arbitration Rider with Beneficial. The Arbitration Rider is attached hereto as "Exhibit C".

12. Beneficial fully abided by the terms of the Loan Summary, Loan Repayment Agreement and the Arbitration Rider. The Loan Summary is attached hereto as "Exhibit A"; The Loan Repayment Agreement is attached hereto as "Exhibit B"; The Arbitration Rider is attached hereto as "Exhibit C".

13. The Defendant breached the Loan Summary and Loan Repayment by failing to pay the amount owed. The Loan Summary is attached hereto as "Exhibit A"; The Loan Repayment Agreement is attached hereto as "Exhibit B".

14. The Defendant is in default of the Loan Summary and Loan Repayment

Agreement. The Loan Summary is attached hereto as "Exhibit A"; The Loan Repayment Agreement is attached hereto as "Exhibit B".

15. Plaintiff's is the holder of a valid assignment of the Defendant's Loan Summary, Loan Repayment Agreement and Arbitration Rider the Defendant entered into with Beneficial. See "Exhibit D", Affidavit of Sale of Individual; See "Exhibit E", Assignment and Bill of Sale.

16. The balance due from the Defendant to the Plaintiff is $7,579.08.

17. The Defendant has failed to keep his promise to pay said balance, despite demand for same having been made, and the balance remains due and unpaid.

WHEREFORE, Plaintiff prays judgment against the Defendant(s) for the sum of $7,579.08, plus interest on any judgment rendered at the rate of 12% per annum, and costs.

BERMAN & RABIN, P.A.

Adam K. Berman,   #21832
15280 Metcalf Ave.
Overland Park, KS 66223
Phone: (913) 649-1555
Fax: (913) 652-9474
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF MAILING

I hereby certify that on this 20th day of May, 2013, a true and correct copy of the above and foregoing was deposited in the U.S. Mail, postage prepaid, addressed to:

Leon Lee
1314 N. Dunsworth Ave.
Wichita, Kansas 67212

Adam K. Berman

# LOAN SUMMARY
## Installment

BENEFICIAL  
1855 S ROCK ROAD  
SUITE 111  
WICHITA, KS 67207

LEON LEE  
1314 DUNSWORTH  
WICHITA, KS 67212

Thank you for choosing BENEFICIAL for your loan. We understand that obtaining a loan involves a lot of information and can be confusing at times. So we want you to borrow confidently, fully understanding your loan benefits and loan features.

Please review this summary information carefully, and also be certain to review your Loan Repayment and Security Agreement and disclosures for more specific details. Ask us any questions you may have. We will answer all of them and work together with you to ensure your complete understanding and satisfaction.

| Principal Loan Amount | $11,530.06 | Loan Term | 60 months |
|---|---|---|---|
| Loan Origination Fee | NONE | Payment Due Date "e" | Day 6 of each month |
| ANNUAL PERCENTAGE RATE | 22.627% | Monthly Payment * | $322.65 |
| Contract Rate | 22.627% | | |

"e" = estimate  
* Payment includes any optional insurance protection elected. See details below.

**Escrow:** Your loan does not escrow real estate taxes or homeowner's insurance. You will need to make arrangements to pay your taxes and insurance directly to your tax assessor and insurance company.

**Prepayment Penalty:** Your loan does not contain a prepayment penalty.

**Insurance Protection:** You have selected the following optional insurance protection on your loan. Refer to your Optional Credit Insurance Disclosure for pricing and/or term information.

Single Credit Life  
Single Credit Disability

## Satisfaction Guarantee

Because we want you to be completely satisfied, we offer a Satisfaction Guarantee. If for any reason you are not satisfied with your loan and you repay it in full within 10 days after the loan funds are disbursed, other than with a refinance of this loan with us, we will refund any interest charges and fees.

I understand these key loan terms:

Borrower: _Leon Lee_  LEON LEE   Date: 9/6/07

Witness: _[signature]_   Date: 9-6-07

08/06/2007 13:40   0112LE14

9602329

* L10187A62P - 05 - LSN - 7 - 000 - 0112LE - Z - 1 - O ** LEE * ORIGINAL



EXHIBIT A

## LOAN REPAYMENT AGREEMENT
### Including Truth-in-Lending Disclosure

Lender: (Called "We", "Us", "Our")
BENEFICIAL KANSAS INC.
1855 S ROCK ROAD
SUITE 111
WICHITA, KS 67207

Borrowers: (Called "You", "Your")
LEON LEE
1314 DUNSWORTH
WICHITA, KS 67212

Date of Loan: 09/06/2007      Loan Number: [redacted]

In this agreement, "you" and "your" mean the Borrower(s) who signs this agreement. "We", "us" and "our" refer to the Lender. This agreement covers the terms and conditions of your loan. It is important to us that you clearly understand the features of your loan. Please read this agreement carefully, and ask us any questions you may have.

### Truth-in-Lending Disclosure

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 22.827% | $7,831.04 ("o") | $11,539.96 | $19,371.00 ("o") |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due ("o") |
|---|---|---|
| 1 | $322.65 | 10/06/2007 |
| 59 | $322.65 | Day 6 of each month thereafter. |

"o" means an estimate

**Late Charge**   If your monthly installment is not paid in full within 10 day(s) after it is due, you will be charged a late charge equal to $10.00.

**Prepayment**   If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| TO: 45172100608146M ...........................................................$ | 4,585.81 |
| TO: LEON LEE (FIMC, HOME AND AUTO RENEWAL) ....................$ | 127.11 |
| CREDIT LIFE INSURANCE (PAID TO INSURANCE COMPANY) ............$ | 828.56 |
| CREDIT DISABILITY INSURANCE (PAID TO INSURANCE COMPANY) ......$ | 910.44 |
| CASH OR CHECK TO BORROWER ..................................................$ | 4,887.04 |
| AMOUNT FINANCED (EXCLUDING PREPAID FINANCE CHARGES) .......$ | 11,539.96 |

9602329  09/06/2007 13:40                Page 1 of 3                          0401LE02

L10157M2P - 96 - NCE - 7 - 000 - 0401LE - 2 - 1 - 0 ™ LEE ' ORIGINAL


EXHIBIT

## ABOUT YOUR LOAN REPAYMENT

| | | |
|---|---|---|
| MONTHLY INSTALLMENT | $322.85 FIRST PAYMENT DUE DATE | 10/08/2007 |
| MONTHS OF CONTRACT | 60 SCHEDULED MATURITY DATE | 09/06/2012 |
| CONTRACT RATE (per year) | 22.827% PRINCIPAL | $11,539.98 |
| AMOUNT FINANCED | $11,539.98 DISABILITY INSURANCE PREMIUM | $910.44 |
| LIFE INSURANCE PREMIUM | $620.68 | |

**Payment**
In return for your loan, you agree to the terms of this agreement and to pay us the Amount Financed plus interest computed at the Contract Rate, in monthly installments as stated on page one. Interest is computed by the daily simple interest method on the unpaid balance of the Amount Financed for the actual number of days outstanding. You will make your monthly installments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you. If more than one Borrower is named on page one, we may enforce this agreement against all Borrowers, or any single Borrower, but not in a combined amount greater than the amount owed. You also agree to pay us: (a) other charges as provided in this agreement; (b) credit insurance charges, if any; and (c) collection costs (including, but not limited to, court costs, attorneys' fee and/or collection agency fees) incurred by us to the extent permitted by law. Interest is computed on a daily simple interest basis as described above. Your final loan payment may be more or less than your scheduled monthly payment depending on whether you make your scheduled monthly payments earlier or later than on your scheduled payment due dates.

**Date on Which Interest Begins**
Interest begins on the date of disbursement. If this loan is made by mail, the date on which the interest begins is postponed by the number of days from the date of this agreement to the date of disbursement. Payment due dates and the effective date of any optional insurance purchased are also postponed.

**Prepayment**
If you pay off early, you will not have to pay a penalty, however, any Loan Origination Fee included in the principal is fully earned at time this loan is made and will not be refunded upon prepayment.

**Late Charge**
If your monthly installment is not paid in full within 10 day(s) after it is due, you will be charged a late charge equal to $10.00.

**Failure to Pay**
If you don't pay on time: (1) we will notify you of your right to bring your loan up to date, and (2) if your loan is not brought up to date in 20 days all of your payments may become due at once, and without further notifying you before bringing suit, we may sue you for the total amount you owe. After judgment is entered against you, you will pay interest on the judgment at the contract rate by the simple interest method.

**Bad Check Charge**
You agree to pay $10.00 each time any check or payment is made on your loan by any means, including but not limited to, a check, ACH or other electronic payment, which is returned unpaid by your bank or other financial institution for any reason.

ABOUT OUR RELATIONSHIP:

**Exchange of Information**  You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you.

**Credit Bureau Reporting**  If you fail to fulfill the terms of your loan, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency.

**Telephone Monitoring**  You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes.

**Insurance**  Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference.

**Applicable Law**  The terms and conditions of this agreement will be governed by the Kansas Uniform Consumer Credit Code, Sections 16a-101 to 16a-9-102, and, more particularly, at the rate authorized by K.S.A. 16a-2-401.

**Severability/Waiver/Amendments**  If any provision of this agreement is finally determined to be void or unenforceable under any law, rule, or regulation, all other provisions of this agreement will remain valid and enforceable. Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s). In order for any amendment to this agreement to be valid, it must be agreed to by you and us.

**Alternative Dispute Resolution**  The terms of the Arbitration Rider signed by you as part of your loan transaction are incorporated herein by this reference.

---

NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty.

YOU HAVE READ AND RECEIVED A COMPLETED COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

Borrower: _____ LEON LEE  Date: 9/6/07

Witness: _____

## ARBITRATION RIDER
### United States

This Arbitration Rider is signed as part of Your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present, or future), including initial claims, counter-claims, cross-claims, and third-party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the American Arbitration Association ("AAA"), National Arbitration Forum ("NAF") or JAMS/Endispute ("JAMS"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. The arbitrator shall be independent of and unrelated to you or Lender. Notwithstanding any language in this Arbitration Rider to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any organization that has in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Rider, including the Class Action Waiver Provision defined below. The rules and forms of the AAA, NAF and JAMS may be obtained by writing to these organizations at the addresses and/or websites listed below. Our address for the service of process under this provision is: P.O. Box 279, Mt. Prospect, IL 60056.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties.

If Lender files a Claim, Lender shall pay all the filing costs. If you file a Claim, filing costs and administrative fees, (other than hearing fees) shall be paid as follows: (a) you agree to pay for the initial cost of filing the Claim up to the maximum amount of $100.00; and (b) if required by the arbitration administrator's rules, we will pay for filing costs over $100.00 and for any administrative fees charged by the arbitration administrator on any Claim submitted by you up to a maximum of the amount of the filing costs and administrative fees that would be charged by the arbitration administrator for a Claim equal to your loan amount. Any filing costs and/or administrative fees assessed for a Claim in excess of your loan amount shall be paid by you. The lender shall pay the cost of one full day of arbitration hearings. Fees for hearings that exceed one day will be paid by the requesting party. We shall each bear the expense of our respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary herein. If the arbitrator issues an award in our favor, you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (the "FAA"). The arbitrator shall apply applicable substantive law consistent with the FAA, including laws concerning reception, rejection, and consideration of evidence and shall provide written reasoned findings of fact and conclusions of law. The arbitrator's award shall not be subject to appeal except as permitted by the FAA. For Claims where there is an appeal right under the FAA, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo (i.e. in its entirety) any aspect or all aspects of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Judgment upon the award may be entered in any court having jurisdiction. All statutes of limitations that would otherwise be applicable shall apply to any arbitration proceeding.

09/06/2007 13:40        Page 1 of 3        0111LE00

9602329



* 10167A52P - 95 - XAR - 7 - 000 - 0111LE - Z - 1 - O ™ LEE ^ ORIGINAL



EXHIBIT C

## ARBITRATION RIDER
United States

We agree not to invoke our right to arbitrate an individual Claim you may bring in Small Claims Court or an equivalent court, if any, so long as the Claim is pending only in that court. No class actions or private attorney general actions in court or in arbitration or joinder or consolidation of claims in court or with other persons are permitted in arbitration without the written consent of the parties. The validity and effect of the preceding sentence (herein referred to as the "Class Action Waiver Provision") shall be determined exclusively by a court and not by the administrator or any arbitrator. Neither the administrator nor any arbitrator shall have the power or authority to waive, modify or fail to enforce the Class Action Waiver Provision, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable.

The arbitrator shall be empowered to impose sanctions and to take such other actions as the arbitrator deems necessary to the same extent as could be imposed by a Judge pursuant to the Federal Rules of Civil Procedure.

This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement. However, if a determination is made that the Class Action Waiver Provision is unenforceable, this Arbitration Rider (other than this sentence) and any prior Arbitration Rider shall be null and void. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Arbitration Rider, this Arbitration Rider shall govern.

No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purpose of realizing upon, preserving, protecting, or foreclosing upon any property involved in any Claim or subject to the loan documents. The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

**THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.**

You may contact, obtain the arbitration rules of, or file a Claim with AAA, NAF or JAMS as follows:

| American Arbitration Association | National Arbitration Forum (NAF) | JAMS/Endispute |
|---|---|---|
| 335 Madison Avenue | P.O. Box 50191 | 555 13th Street NW |
| New York, NY 10017 | Minneapolis, MN 55405 | Suite 400 West |
| www.adr.org | www.arb-forum.org | Washington, DC 20004 |
| Arbitration Rules for Consumer Related Disputes (claims under $10,000). | Code of Procedure | www.jamsadr.com Financial Services |
| Arbitration Rules (all other claims). | | Arbitration Rules and Procedures |

To reject this Arbitration Rider, you must send Lender a signed writing (Rejection Notice) that is received within thirty (30) days after the date shown on the bottom left hand corner of this Arbitration

09/06/2007 13:40         Page 2 of 3         0111LE09

9602329     

* L10167A62P - 95 - XAR - 7 - 000 - 0111LE - 2 - 2 - O ** LEE * ORIGINAL

## ARBITRATION RIDER
### United States

Rider. The Rejection Notice must be sent to the following address: P.O. Box 279, Mt. Prospect, IL 60056. The Rejection Notice must identify the loan transaction involved and must include your name, address, and social security number and must be signed by all persons signing this Arbitration Rider. You may send the Rejection Notice in any manner you see fit as long as it is received at the specified address within the specified time. No other methods can be used to reject this Arbitration Rider. If the Rejection Notice is sent on your behalf by a third party, such third party must include evidence of his or her authority to submit the Rejection Notice on your behalf.

By signing below, you acknowledge that: (1) You have read this entire Arbitration Rider carefully; (2) You agree to arbitrate any claims that you may have upon your or Lender's election; and (3) You have 30 days from the date shown on the bottom left hand corner of this Arbitration Rider to reject this Arbitration Rider by following the procedures described above, and understand that any such rejection will have no other effect on the loan transaction.

Borrower: _____   Date: 9/6/07
LEON LEE

_____
Print Name: Leon Lee

BENEFICIAL KANSAS INC.

By: _____   Date: 9-6-07

---

09/06/2007 13:40          Page 3 of 3          0111LE09

9602329

*L10167A6ZP - 95 - XAR - 7 - 000 - 0111LE - Z - 3 - O ** LEE * ORIGINAL

## AFFIDAVIT OF SALE OF INDIVIDUAL

STATE OF VIRGINIA
CITY OF CHESAPEAKE

9602329

AKM/BRO

Under oath, Angela Gadsby states:

1. My name is Angela Gadsby. I am Vice Presi[dent] Administrative Services Division of Beneficial Financial I Inc., successor by merger to ~~~~~~~~~~~~ (identified in this Affidavit as "HSBC").

I am over the age of eighteen and authorized to make this Affidavit on its behalf. The facts stated herein are based upon my personal knowledge from my review of business records of HSBC and are true and correct. If called as a witness, I can testify competently to the facts contained herein. As part of my regular job duties, I have custody of and routinely review the account records made and maintained by HSBC in the ordinary course of its business.

2. On or about 05/11/2011, HSBC sold the account numbered ************2743 and is now assigned account number ************0256 in the name of Leon Lee with a balance of $7,579.08 (identified in this Affidavit as the "Sold Account") by a Purchase and Sale Agreement and a Bill of Sale to Atlantic Credit & Finance Special Finance Unit III, LLC (identified in this Affidavit as the "Debt Buyer"). As part of the sale of the Sold Account, certain of HSBC's records relating to individual Sold Account were transferred to the Debt Buyer. Those records were made and/or recorded as part of the regular course of business of HSBC at or near the time of the acts, events, conditions or methods recorded. Because of the sale of the Sold Account, HSBC acknowledges that Debt Buyer became the owner of the Sold Account on the date of sale.

Dated: 10/26/12

Signature of Affiant Identified Above

City/County of Chesapeake
Commonwealth of Virginia

The foregoing instrument was subscribed and sworn before me this ___10/26/12___ by

Angela Gadsby
Name of Affiant

Notary Public

Notary registration number: 7514789

My commission expires: 09/30/16

[Notary Seal: NICHOLAS ALLAN KIGHT, COMMONWEALTH, REGISTRATION NO. 7514789, MY COMM. EXPIRES 09/30/2016, OF VIRGINIA, NOTARY PUBLIC]

HIGHLY RESTRICTED - 599/832v.41 Asset Sale (Aff, Account (CML))


EXHIBIT D

9003329
KMB/BRO
LRG

| | |
|---|---|
| **Exhibit A** | |
| CO Account | 0256 |
| Account | 0256 |
| Name1 Last | LEE |
| Name1 First | LEON |
| Name2 First | |
| Name2 Last | |
| SSN Name1 | |
| SSN Name2 | |
| HomePhone | |
| Work Phone | |
| Street | 1314 N DUNSWORTH AVE |
| City | WICHITA |
| State | KS |
| Zip | 67212 |
| CO Date | 30-Apr-11 |
| ContractDate | 6-Sep-07 |
| DateLastPmt | 15-Nov-10 |
| Balance | 7,579.08 |
| Pool | BENE |
| Original Lender | 18086781 |
| DateOfBirth | 5-Mar-55 |
| intrate | 226B |
| Security | N |
| LoanType | NCF |
| CHoffmant | 6,628.04 |
| AccrInt | 951.04 |
| PrinPaid | 0.00 |
| IntPaid | 0.00 |
| LASTPAYAMT | 100 |

## ASSIGNMENT AND BILL OF SALE

Cut Off Date: 05-17-2011

Closing Date: 05-17-2011

HSBC Consumer Lending (USA) Inc. on behalf of and as managing company for Beneficial Company LLC and HFC Company LLC and their respective subsidiaries (hereinafter called "Seller") has entered into an Account Purchase and Sale Agreement dated March 30, 2011. ("Agreement") for the sale of accounts dated in the initial paragraph of the Agreement thereof to Atlantic Credit & Finance Special Finance Unit III, LLC, a Virginia limited liability company, (hereinafter called "Purchaser"), upon the terms and conditions set forth in that Agreement.

NOW, THEREFORE, for good and valuable consideration, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement and within Exhibit B, attached hereto, and contained within the electronic media described therein.

Purchaser and Seller agree that the Purchase Price shall be as stated in Paragraph 3 of the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 17 day of May, 2011.

HSBC Consumer Lending (USA) Inc.

By: _K. M. Collier_

Printed Name: Kevin Collier

Title: Senior Vice-President

RESTRICTED



EXHIBIT