IN THE UNITED STATE DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LEON E. LEE,<br>   Plaintiff,<br><br>vs.<br><br>ATLANTIC CREDIT & FINANCE, INC.,<br>et al.,<br>   Defendants. | Case No. 13-CV-1143-EFM-KMH |

### ADAM K. BERMAN'S ANSWER

**COMES NOW** the Defendant Adam K. Berman ("A. Berman"), and provides his Answer to Plaintiff's First Amended Complaint, as follows:

### INTRODUCTION

1. A. Berman admits that Plaintiff's First Amended Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Kansas Consumer Protection Act, K.S.A. §50-623 et seq. ("KCPA"), but denies that any such violations have occurred or that Plaintiff has any right to relief as alleged in Paragraph 1 of Plaintiff's First Amended Complaint.

2. A. Berman denies the allegations that he violated either the FDCPA or the KCPA. The remainder of Paragraph 2 of Plaintiff's First Amended Complaint does not make any allegations to A. Berman and no response is necessary. To the extent any response is deemed necessary, A. Berman denies those allegations.

### JURISDICTION AND VENUE

3. A. Berman admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331, including supplemental jurisdiction pursuant to 28 U.S.C.

   §1367, as alleged in Paragraph 3 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to the relief requested herein.

4.  A. Berman admits that, generally, venue is proper in this Court, as alleged in Paragraph 4 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to the relief requested herein.

## PARTIES

5.  A. Berman lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

6.  A. Berman lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

7.  A. Berman admits that that one aspect of Berman & Rabin, P.A's ("B&R") business is the collection of debts from consumers and that its address is correctly listed. A. Berman denies the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.  A. Berman admits the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.  A. Berman admits the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.  A. Berman admits the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. A. Berman denies that Defendant Daniel E. Kuhn is an attorney employed by B&R.  A. Berman admits the remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. A. Berman lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

13. A. Berman denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. A. Berman admits that on occasion B&R attempts to collect consumer debts using the mails and telephone, including debt owed, or alleged to be owed, to another person or entity.  A. Berman lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15. A. Berman admits that on or about January 18, 2013, B&R sent a demand letter to Plaintiff regarding his debt to Atlantic in the amount of $7,579.08.  A. Berman lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

16. A. Berman admits the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. A. Berman admits that B&R sent Plaintiff the validation required by the FDCPA,

per Plaintiff's request, which included a copy of his agreement with Beneficial. A. Berman lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

18. A. Berman admits the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, which references the "State Case."

19. A. Berman admits the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint. A. Berman further affirmatively states that Defendant Kuhn was incorrectly listed on the summons and he has been dismissed from this matter.

20. A. Berman admits that there is a document attached to the Complaint marked as Exhibit A, which purports to be the Petition on Contract originally filed on behalf of Defendant Atlantic Credit & Finance, Inc. in the State Case, and further states that such document speaks for itself. A. Berman admits the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. A. Berman states that the Petition speaks for itself. A. Berman denies any remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. A. Berman admits that there were no documents attached to the Petition B&R filed and that the language of the document is not recited in the Petition. A. Berman denies the remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. A. Berman admits the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint. A. Berman further affirmatively states that the Court in the State Case denied Plaintiff's Motion to Dismiss on May 17, 2013. See Exhibit 1, attached hereto and made a part hereof, the Court's Order from May 17, 2013.

24. A. Berman lacks sufficient knowledge to admit or deny when Plaintiff received the Requests for Admissions. A. Berman admits the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. A. Berman lacks sufficient knowledge to admit or deny when Plaintiff received the Response to Plaintiff's Motion to Dismiss in the State Case. A. Berman admits the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. A. Berman lacks sufficient knowledge to admit or deny when Plaintiff received the Motion for Leave to File a First Amended Petition in the State Case. A. Berman admits the remaining allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint. A. Berman further affirmatively states that on May 17, 2013, the Court in the State Case granted the Motion for Leave to File First Amended Petition. See Exhibit 1. The First Amended Petition was filed on May 24, 2013. See Exhibit 2, attached hereto and made a part hereof.

27. A. Berman denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. A. Berman denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. A. Berman denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

## RESPONSE TO COUNT I – ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY ATLANTIC CREDIT & FINANCE, INC.

30. A. Berman restates and reincorporates its responses to Paragraphs 1 through 29 above, as if fully set forth herein.

31. Paragraphs 31 through 37 of Plaintiff's First Amended Complaint do not assert any claims against A. Berman and, therefore, no response is necessary.  To the extent any allegations are deemed to be made against A. Berman, such allegations are denied.

## RESPONSE TO COUNT II: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY BERMAN & RABIN, P.A.

32. A. Berman restates and reincorporates its responses to Paragraphs 1 through 31 above, as if fully set forth herein.

33. Paragraphs 39 through 45 of Plaintiff's First Amended Complaint do not assert any claims against A. Berman and, therefore, no response is necessary.  To the extent any allegations are deemed to be made against A. Berman, such allegations are denied.

## RESPONSE TO COUNT III: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY MICHAEL H. BERMAN

34. A. Berman restates and reincorporates its responses to Paragraphs 1 through 33 above, as if fully set forth herein.

35. Paragraphs 47 through 53 of Plaintiff's First Amended Complaint do not assert any claims against A. Berman and, therefore, no response is necessary.  To the

extent any allegations are deemed to be made against A. Berman, such allegations are denied.

## RESPONSE TO COUNT IV: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY DANIEL S. RABIN

36. A. Berman restates and reincorporates its responses to Paragraphs 1 through 35 above, as if fully set forth herein.

37. Paragraphs 55 through 61 of Plaintiff's First Amended Complaint do not assert any claims against A. Berman and, therefore, no response is necessary. To the extent any allegations are deemed to be made against A. Berman, such allegations are denied.

## RESPONSE TO COUNT V: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY ADAM K. BERMAN

38. A. Berman restates and reincorporates its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

39. A. Berman admits that he is the attorney of record on the summons and petition filed against Plaintiff in the State Case. A. Berman denies the remaining allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

40. A. Berman denies the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint.

41. A. Berman denies the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint.

42. A. Berman denies the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint.

43. A. Berman denies the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint.

44. A. Berman denies the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

45. A. Berman denies the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

**RESPONSE TO COUNT VI: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY DANIEL E. KUHN**

46. A. Berman restates and reincorporates its responses to Paragraphs 1 through 45 above, as if fully set forth herein.

47. Paragraphs 71 through 76 of Plaintiff's First Amended Complaint do not assert any claims against A. Berman and, therefore, no response is necessary. To the extent any allegations are deemed to be made against A. Berman, such allegations are denied.

**RESPONSE TO COUNT VII – ALLEGED VIOLATIONS OF THE KCPA**

48. A. Berman restates and reincorporates its responses to Paragraphs 1 through 47 above, as if fully set forth herein.

49. A. Berman denies the allegations contained in Paragraph 78, including sub-paragraphs a and b, of Plaintiff's First Amended Complaint.

50. A. Berman denies the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can

    be granted against A. Berman.

2. Plaintiff's claims are barred by estoppel, waiver, and laches.

3. Plaintiff's claims are barred by the doctrines of equitable estoppel.

4. Plaintiff's claims are barred because the First Amended Complaint filed in the State Case moots all of Plaintiff's allegations.

5. Plaintiff's claims are brought recklessly and solely for the purposes of harassment.

6. A. Berman denies that any violation of the FDCPA or KCPA occurred, and specifically denies the violations alleged by Plaintiff.  But if this Court should determine that there was a violation of the FDCPA or KCPA, A. Berman affirmatively states that B&R maintains thorough training procedures for all employees who participate in collections.  Any collection activity, which may have allegedly violated the FDCPA or KCPA is subject to a *bona fide error* defense.

WHEREFORE, Defendant Adam K. Berman requests that this Court dismiss Plaintiff's First Amended Petition with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

            BERMAN & RABIN, P.A.

            /s/ Rachel B. Ommerman
            Rachel B. Ommerman #21868
            15280 Metcalf
            Overland Park, KS 66223
            Phone: (913) 649-1555
            Fax: (913) 652-9474

                                                          E-mail: rommerman@bermanrabin.com
                                                          ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2013, I electronically filed the foregoing **ADAM K. BERMAN'S ANSWER** with the Clerk of Court using the CM/ECF system.

I hereby certify on this 28th day of June, 2013, that a copy of this Motion has been sent by regular mail, postage pre-paid, to:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

                                                          /s/ Rachel Ommerman
                                                          _____

                                                          Rachel Ommerman