IN THE UNITED STATE DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LEON E. LEE, | ) |
|    Plaintiff, | ) |
| | ) Case No. 13-CV-1143-EFM-KMH |
| vs. | ) |
| | ) |
| ATLANTIC CREDIT & FINANCE, INC., | ) |
| et al., | ) |
|    Defendants. | ) |

## ATLANTIC CREDIT & FINANCE, INC.'S ANSWER

**COMES NOW** the Defendant Atlantic Credit & Finance, Inc. ("Atlantic"), and provides its Answer to Plaintiff's First Amended Complaint, as follows:

### INTRODUCTION

1. Atlantic admits that Plaintiff's First Amended Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Kansas Consumer Protection Act, K.S.A. §50-623 et seq. ("KCPA"), but denies that any such violations have occurred or that Plaintiff has any right to relief as alleged in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Atlantic denies the allegations that it violated either the FDCPA or the KCPA. The remainder of Paragraph 2 of Plaintiff's First Amended Complaint does not make any allegations to Atlantic and no response is necessary. To the extent any response is deemed necessary, Atlantic denies those allegations.

### JURISDICTION AND VENUE

3. Atlantic admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331, including supplemental jurisdiction pursuant to 28 U.S.C.

    §1367, as alleged in Paragraph 3 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to the relief requested herein.

4.  Atlantic admits that, generally, venue is proper in this Court, as alleged in Paragraph 4 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to the relief requested herein.

## PARTIES

5.  Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

6.  Atlantic admits that it purchases or is otherwise assigned accounts upon which it collects and is located at the address stated in Paragraph 6 of Plaintiff's First Amended Complaint.

7.  Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.  Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.  Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.  Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.  Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Atlantic lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

13. Atlantic denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Atlantic admits that it purchases or is otherwise assigned consumer accounts that are in default. Atlantic lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Atlantic lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

16. Atlantic lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

17. Atlantic lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

18. Atlantic admits the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, which references the "State Case."

19. Atlantic admits the allegations contained in Paragraph 19 of Plaintiff's First

Amended Complaint. Atlantic further affirmatively states that Defendant Kuhn was incorrectly listed on the summons and he has been dismissed from this matter.

20. Atlantic admits that there is a document attached to the Complaint marked as Exhibit A, which purports to be the Petition on Contract originally filed by B&R on Atlantic's behalf in the State Case, and further states that such document speaks for itself. Atlantic admits the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Atlantic states that the Petition speaks for itself. Atlantic denies any remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Atlantic admits that there were no documents attached to the Petition it filed and that it did not recite the language of the document in the Petition. Atlantic denies the remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Atlantic admits the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint. Atlantic further affirmatively states that the Court in the State Case denied Plaintiff's Motion to Dismiss on May 17, 2013. See Exhibit 1, attached hereto and made a part hereof, the Court's Order from May 17, 2013.

24. Atlantic lacks sufficient knowledge to admit or deny when Plaintiff received the Requests for Admissions. Atlantic admits the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Atlantic lacks sufficient knowledge to admit or deny when Plaintiff received the

      Response to Plaintiff's Motion to Dismiss in the State Case. Atlantic admits the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Atlantic lacks sufficient knowledge to admit or deny when Plaintiff received the Motion for Leave to File a First Amended Petition in the State Case. Atlantic admits the remaining allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint. Atlantic further affirmatively states that on May 17, 2013, the Court in the State Case granted the Motion for Leave to File First Amended Petition. See Exhibit 1. The First Amended Petition was filed on May 24, 2013. See Exhibit 2, attached hereto and made a part hereof.

27. Atlantic denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Atlantic denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Atlantic denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

**RESPONSE TO COUNT I – ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY ATLANTIC CREDIT & FINANCE, INC.**

30. Atlantic restates and reincorporates its responses to Paragraphs 1 through 29 above, as if fully set forth herein.

31. Atlantic denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Atlantic denies the allegations contained in Paragraph 32 of Plaintiff's First

        Amended Complaint.

33. Atlantic denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Atlantic denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Atlantic denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Atlantic denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Atlantic denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

### RESPONSE TO COUNT II: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY BERMAN & RABIN, P.A.

38. Atlantic restates and reincorporates its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

39. Paragraphs 39 through 45 of Plaintiff's First Amended Complaint do not assert any claims against Atlantic and, therefore, no response is necessary. To the extent any allegations are deemed to be made against Atlantic, such allegations are denied.

### RESPONSE TO COUNT III: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY MICHAEL H. BERMAN

40. Atlantic restates and reincorporates its responses to Paragraphs 1 through 39 above, as if fully set forth herein.

41. Paragraphs 47 through 53 of Plaintiff's First Amended Complaint do not assert any claims against Atlantic and, therefore, no response is necessary. To the extent any allegations are deemed to be made against Atlantic, such allegations are denied.

### RESPONSE TO COUNT IV: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY DANIEL S. RABIN

42. Atlantic restates and reincorporates its responses to Paragraphs 1 through 41 above, as if fully set forth herein.

43. Paragraphs 55 through 61 of Plaintiff's First Amended Complaint do not assert any claims against Atlantic and, therefore, no response is necessary. To the extent any allegations are deemed to be made against Atlantic, such allegations are denied.

### RESPONSE TO COUNT V: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY ADAM K. BERMAN

44. Atlantic restates and reincorporates its responses to Paragraphs 1 through 43 above, as if fully set forth herein.

45. Paragraphs 63 through 69 of Plaintiff's First Amended Complaint do not assert any claims against Atlantic and, therefore, no response is necessary. To the extent any allegations are deemed to be made against Atlantic, such allegations are denied.

### RESPONSE TO COUNT VI: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY DANIEL E. KUHN

46. Atlantic restates and reincorporates its responses to Paragraphs 1 through 45 above, as if fully set forth herein.

47. Paragraphs 71 through 76 of Plaintiff's First Amended Complaint do not assert any claims against Atlantic and, therefore, no response is necessary. To the extent any allegations are deemed to be made against Atlantic, such allegations are denied.

### RESPONSE TO COUNT VII – ALLEGED VIOLATIONS OF THE KCPA

48. Atlantic restates and reincorporates its responses to Paragraphs 1 through 47 above, as if fully set forth herein.

49. Atlantic denies the allegations contained in Paragraph 78, including sub-paragraphs a and b, of Plaintiff's First Amended Complaint.

50. Atlantic denies the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Atlantic.

2. Plaintiff's claims are barred by estoppel, waiver, and laches.

3. Plaintiff's claims are barred by the doctrines of equitable estoppel.

4. Plaintiff's claims are barred because the First Amended Complaint filed in the State Case moots all of Plaintiff's allegations.

5. Plaintiff's claims are brought recklessly and solely for the purposes of harassment.

6. Atlantic denies that any violation of the FDCPA or KCPA occurred, and specifically denies the violations alleged by Plaintiff. But if this Court should

determine that there was a violation of the FDCPA or KCPA, Atlantic affirmatively states that it maintains thorough training procedures for all employees who participate in collections.  Any collection activity, which may have allegedly violated the FDCPA or KCPA is subject to a *bona fide error* defense.

WHEREFORE, Defendant Atlantic Credit & Finance, Inc. requests that this Court dismiss Plaintiff's First Amended Petition with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

BERMAN & RABIN, P.A.

/s/ Rachel B. Ommerman
_____
Rachel B. Ommerman #21868
15280 Metcalf
Overland Park, KS 66223
Phone: (913) 649-1555
Fax: (913) 652-9474
E-mail: rommerman@bermanrabin.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2013, I electronically filed the foregoing **ATLANTIC CREDIT & FINANCE, INC.'S ANSWER** with the Clerk of Court using the CM/ECF system.

I hereby certify on this 20th day of June, 2013, that a copy of this Motion has been sent by regular mail, postage pre-paid, to:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

/s/ Rachel Ommerman

_____
Rachel Ommerman