IN THE UNITED STATE DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEON E. LEE, | ) | |
|    Plaintiff, | ) | |
| | ) | Case No. 13-CV-1143-EFM-KMH |
| vs. | ) | |
| | ) | |
| ATLANTIC CREDIT & FINANCE, INC., | ) | |
| et al., | ) | |
|    Defendants. | ) | |

## BERMAN & RABIN, P.A.'S ANSWER

**COMES NOW** the Defendant Berman & Rabin, P.A. ("B&R"), and provides its Answer to Plaintiff's First Amended Complaint, as follows:

## INTRODUCTION

1.  B&R admits that Plaintiff's First Amended Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Kansas Consumer Protection Act, K.S.A. §50-623 et seq. ("KCPA"), but denies that any such violations have occurred or that Plaintiff has any right to relief as alleged in Paragraph 1 of Plaintiff's First Amended Complaint.

2.  B&R denies the allegations that it violated either the FDCPA or the KCPA. The remainder of Paragraph 2 of Plaintiff's First Amended Complaint does not make any allegations to B&R and no response is necessary. To the extent any response is deemed necessary, B&R denies those allegations.

## JURISDICTION AND VENUE

3.  B&R admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331, including supplemental jurisdiction pursuant to 28 U.S.C. §1367,

as alleged in Paragraph 3 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to the relief requested herein.

4.     B&R admits that, generally, venue is proper in this Court, as alleged in Paragraph 4 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to the relief requested herein.

## PARTIES

5.     B&R lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

6.     B&R lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

7.     B&R admits that that one aspect of its business is the collection of debts from consumers and that its address is correctly listed.  B&R denies the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.     B&R admits the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.     B&R admits the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.    B&R admits the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.    B&R denies that Defendant Daniel E. Kuhn is an attorney employed by B&R.

B&R admits the remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12.     B&R lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

13.     B&R denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14.     B&R admits that on occasion it attempts to collect consumer debts using the mails and telephone, including debt owed, or alleged to be owed, to another person or entity.  B&R lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15.     B&R admits that on or about January 18, 2013, it sent a demand letter to Plaintiff regarding his debt to Atlantic in the amount of $7,579.08.  B&R lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

16.     B&R admits the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17.     B&R admits that it sent Plaintiff the validation required by the FDCPA, per Plaintiff's request, which included a copy of his agreement with Beneficial.  B&R

lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and, therefore, denies the same for the present time.

18.     B&R admits the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, which references the "State Case."

19.     B&R admits the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.  B&R further affirmatively states that Defendant Kuhn was incorrectly listed on the summons and he has been dismissed from this matter.

20.     B&R admits that there is a document attached to the Complaint marked as Exhibit A, which purports to be the Petition on Contract originally filed by B&R in the State Case, and further states that such document speaks for itself.  B&R admits the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.     B&R states that the Petition speaks for itself.  B&R denies any remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.     B&R admits that there were no documents attached to the Petition it filed and that it did not recite the language of the document in the Petition.  B&R denies the remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.     B&R admits the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.  B&R further affirmatively states that the Court in the State Case denied Plaintiff's Motion to Dismiss on May 17, 2013.  See Exhibit 1,

attached hereto and made a part hereof, the Court's Order from May 17, 2013.

24.    B&R lacks sufficient knowledge to admit or deny when Plaintiff received the Requests for Admissions.  B&R admits the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.    B&R lacks sufficient knowledge to admit or deny when Plaintiff received the Response to Plaintiff's Motion to Dismiss in the State Case.  B&R admits the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.    B&R lacks sufficient knowledge to admit or deny when Plaintiff received the Motion for Leave to File a First Amended Petition in the State Case. B&R admits the remaining allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.  B&R further affirmatively states that on May 17, 2013, the Court in the State Case granted the Motion for Leave to File First Amended Petition. See Exhibit 1.  The First Amended Petition was filed on May 24, 2013.  See Exhibit 2, attached hereto and made a part hereof.

27.    B&R denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.    B&R denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.    B&R denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

**RESPONSE TO COUNT I – ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY ATLANTIC CREDIT & FINANCE, INC.**

30.     B&R restates and reincorporates its responses to Paragraphs 1 through 29 above, as if fully set forth herein.

31.     Paragraphs 31 through 37 of Plaintiff's First Amended Complaint do not assert any claims against B&R and, therefore, no response is necessary.  To the extent any allegations are deemed to be made against B&R, such allegations are denied.

**RESPONSE TO COUNT II: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY BERMAN & RABIN, P.A.**

32.     B&R restates and reincorporates its responses to Paragraphs 1 through 31 above, as if fully set forth herein.

33.     B&R denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.  B&R further affirmatively states that any errors in the Petition that it initially filed in the State Case have been resolved by the filing of the First Amended Petition.  See Exhibit 2.

34.     B&R denies the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

35.     B&R denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

36.     B&R denies the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

37.     B&R denies the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

38.     B&R denies the allegations contained in Paragraph 44 of Plaintiff's First

Amended Complaint.  B&R further affirmatively states that the filed First

Amended Petition correctly states the current balance due from Plaintiff to

Defendant Atlantic.  See Exhibit 2.

39.     B&R denies the allegations contained in Paragraph 45 of Plaintiff's First

Amended Complaint.

## RESPONSE TO COUNT III: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY MICHAEL H. BERMAN

37.     B&R restates and reincorporates its responses to Paragraphs 1 through 39 above,

as if fully set forth herein.

38.     Paragraphs 47 through 53 of Plaintiff's First Amended Complaint do not assert

any claims against B&R and, therefore, no response is necessary.  To the extent

any allegations are deemed to be made against B&R, such allegations are denied.

## RESPONSE TO COUNT IV: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY DANIEL S. RABIN

39.     B&R restates and reincorporates its responses to Paragraphs 1 through 38 above,

as if fully set forth herein.

40.     Paragraphs 55 through 61 of Plaintiff's First Amended Complaint do not assert

any claims against B&R and, therefore, no response is necessary.  To the extent

any allegations are deemed to be made against B&R, such allegations are denied.

## RESPONSE TO COUNT V: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY ADAM K. BERMAN

41.     B&R restates and reincorporates its responses to Paragraphs 1 through 40 above,

as if fully set forth herein.

42.     Paragraphs 63 through 69 of Plaintiff's First Amended Complaint do not assert

any claims against B&R and, therefore, no response is necessary.  To the extent

any allegations are deemed to be made against B&R, such allegations are denied.

## RESPONSE TO COUNT VI: ALLEGED VIOLATION OF THE FDCPA §§ 1692e, 1692e(2), 1692e(10), 1692f BY DANIEL E. KUHN

43.     B&R restates and reincorporates its responses to Paragraphs 1 through 42 above,

as if fully set forth herein.

44.     Paragraphs 71 through 76 of Plaintiff's First Amended Complaint do not assert

any claims against B&R and, therefore, no response is necessary.  To the extent

any allegations are deemed to be made against B&R, such allegations are denied.

## RESPONSE TO COUNT VII – ALLEGED VIOLATIONS OF THE KCPA

45.     B&R restates and reincorporates its responses to Paragraphs 1 through 44 above,

as if fully set forth herein.

46.     B&R denies the allegations contained in Paragraph 78, including sub-paragraphs

a and b, of Plaintiff's First Amended Complaint.

47.     B&R denies the allegations contained in Paragraph 79 of Plaintiff's First

Amended Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's First Amended Complaint fails to state a claim upon which relief can

be granted against B&R.

2.     Plaintiff's claims are barred by estoppel, waiver, and laches.

3.     Plaintiff's claims are barred by the doctrines of equitable estoppel.

4.     Plaintiff's claims are barred because the First Amended Complaint filed in the

State Case moots all of Plaintiff's allegations.

5.     Plaintiff's claims are brought recklessly and solely for the purposes of

harassment.

6.     B&R denies that any violation of the FDCPA or KCPA occurred, and specifically

denies the violations alleged by Plaintiff.  But if this Court should determine that

there was a violation of the FDCPA or KCPA, B&R affirmatively states that it

maintains thorough training procedures for all employees who participate in

collections.  Any collection activity, which may have allegedly violated the

FDCPA or KCPA is subject to a *bona fide error* defense.

WHEREFORE, Defendant Berman & Rabin, P.A. requests that this Court dismiss

Plaintiff's First Amended Petition with prejudice, for its attorney's fees and costs incurred

herein, and for such further and other relief as the Court deems just and equitable.

BERMAN & RABIN, P.A.

/s/ Rachel B. Ommerman
_____
Rachel B. Ommerman #21868
15280 Metcalf
Overland Park, KS 66223
Phone: (913) 649-1555
Fax: (913) 652-9474
E-mail: rommerman@bermanrabin.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2013, I electronically filed the foregoing
**BERMAN & RABIN, P.A.'S ANSWER** with the Clerk of Court using the CM/ECF system.

I hereby certify on this 28th day of June, 2013, that a copy of this Motion has been sent by
regular mail, postage pre-paid, to:

Leon E. Lee
1314 Dunsworth
Wichita, KS 67212

/s/ Rachel Ommerman
_____
Rachel Ommerman